UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE TERAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br>vs.<br><br>SUBAYE, INC., ZHIGUANG CAI, AND JAMES T. CRANE,<br><br>Defendants. | Case No. 1:11-cv-02614 (NRB)<br><br>ECF Case |
| LUIZ ROBERTO HARTMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>SUBAYE, INC., ZHIGUANG CAI, and JAMES T. CRANE,<br><br>Defendants. | Case No. 1:11-cv-03886 (JSR)<br><br>ECF Case |

**MEMORANDUM OF LAW IN SUPPORT OF KYLE QUICK'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii
PRELIMINARY STATEMENT ........ 1
FACTUAL BACKGROUND ........ 2
ARGUMENT ........ 4
I. THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES ........ 4
II. QUICK SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS ........ 5
A. The PSLRA's Provisions Concerning The Appointment Of A Lead Plaintiff ........ 5
B. Under The PSLRA, Quick Should Be Appointed Lead Plaintiff ........ 6
1. Quick's Motion Satisfies The PSLRA's Procedural Requirements ........ 6
2. Quick's Financial Interest In The Relief Sought By The Class ........ 7
3. Quick Meets Rule 23's Typicality And Adequacy Requirements ........ 8
III. THE COURT SHOULD APPROVE QUICK'S SELECTION OF LEAD COUNSEL ........ 9
CONCLUSION ........ 10

# TABLE OF AUTHORITIES

**Cases** .................................................................................................................. **Page(s)**

*Albert Fadem Trust v. Citigroup Inc.*,
239 F. Supp. 2d 344 (S.D.N.Y. 2002).........................................................................4

*Bhojwani v. Pistiolis*,
No. 06 Civ. 13761, 2007 U.S. Dist. LEXIS 52139 (S.D.N.Y. June 26, 2007)..........................6

*In re Comverse Tech., Inc. Sec. Litig.*,
No. 06-CV-1825 (NGG) (RER), 2007 U.S. Dist. LEXIS 14878
(E.D.N.Y. Mar. 2, 2007) ...........................................................................................7

*In re Drexel Burnham Lambert Group, Inc.*,
960 F.2d 285 (2d Cir. 1992), *cert. denied*, 506 U.S. 1088 (1993)...........................................8

*Ferrari v. Impath, Inc.*,
No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 20, 2004) ................8

*Glauser v. EVCI Career Colls. Holding Corp.*,
236 F.R.D. 184 (S.D.N.Y. 2006) ..............................................................................6

*Greebel v FTP Software, Inc.*,
939 F. Supp. 57 (D. Mass. 1996) .............................................................................6

*In re Initial Pub. Offering Sec. Litig.*,
214 F.R.D. 117 (S.D.N.Y. 2002) ..............................................................................8

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir. 1990), *cert denied*, 498 U.S. 920 (1990)............................................4

*Kaplan v. Gelfond*,
240 F.R.D. 88 (S.D.N.Y. 2007) ...............................................................................4

*Lax v. First Merchants Acceptance Corp.*,
No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) .................................6

*Linn v. Allied Irish Banks, PLC*,
No. 02-cv-1738, 2004 U.S. Dist. LEXIS 24655 (S.D.N.Y. Dec. 7, 2004) ...............................9

*Metro Servs. Inc. v. Wiggins*,
158 F.3d 162 (2d Cir. 1998)....................................................................................6

*In re Nice Sys., Ltd. Sec. Litig.*,
188 F.R.D. 206 (D.N.J. 1999)..................................................................................6

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) ..........................................................................4

*Police & Fire Ret. Sys. v. SafeNet, Inc.*,
No. 06 Civ. 5797 (PAC), 2007 U.S. Dist. LEXIS 97959 (S.D.N.Y. Feb. 21, 2007)................7

*In re Prudential Sec. Inc. Ltd. P'Ships Litig.*,
163 F.R.D. 200 (S.D.N.Y. 1995) ....................................................................................8

*Strougo v. Brantley Capital Corp.*,
243 F.R.D. 100 (S.D.N.Y. 2007) ....................................................................................8

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
216 F.R.D. 248 (S.D.N.Y. 2003) ....................................................................................8

**STATUTES**

15 U.S.C. § 78j(b)..........................................................................................................1

15 U.S.C. § 78t(a) ..........................................................................................................1

15 U.S.C. § 78u-4(a)(1) ..................................................................................................5

15 U.S.C. § 78u-4(a)(2)(A)..............................................................................................7

15 U.S.C. § 78u-4(a)(3)(B) ...................................................................................1, 5, 6, 8

15 U.S.C. § 78u-4(a)(3)(A)..............................................................................................6

15 U.S.C. § 78u-4(a)(3)(A)(i) .......................................................................................5, 6, 7

15 U.S.C. § 78u-4(a)(3)(B)(i) ..........................................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(ii) ......................................................................................1, 4

15 U.S.C. § 78u-4(a)(3)(B)(iii) .........................................................................................2

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ......................................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ...............................................................................7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc)................................................................................9

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).....................................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(v) ......................................................................................2, 9

**OTHER AUTHORITIES**

17 C.F.R. § 240.10b-5.....1

Fed.R.Civ.P. Rule 23.....2, 6, 7, 8

Fed.R.Civ.P. Rule 23(a).....8

Fed.R.Civ.P. Rule 23(a)(3).....8

Fed.R.Civ.P. Rule 42(a).....2, 4

Movant Kyle Quick ("Quick"), on behalf of himself and the Class defined herein, respectfully submits this memorandum of law pursuant to Section 21D(b)(3)(B) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), in support of his Motion for the entry of an order: (1) consolidating the Actions (defined below) and any related actions that may be filed; (2) appointing Quick as Lead Plaintiff for the Actions; and (3) approving Quick's selection of the law firm of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel.

**PRELIMINARY STATEMENT**

Presently pending in this District are the following two securities class actions (the "Actions") brought on behalf of a putative class (the "Class") of purchasers of the common stock of Subaye, Inc. ("Subaye" or the "Company") from December 29, 2009 to April 7, 2011 (the "Class Period"): (1) *Teran v. Subaye, Inc.*, No. 1:11-cv-02614 (NRB); and (2) *Hartman v. Subaye, Inc.*, No. 1:11-cv-03886 (JSR). Both Actions allege violations of Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934 ("Exchange Act"), *see* 15 U.S.C. §§78j(b) and 78t(a), and Securities Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, *see* 17 C.F.R. § 240.10b-5. As mandated by the procedures and presumptions set forth by Congress when it enacted the PSLRA, the Court is required to appoint a plaintiff to lead the Actions (the "Lead Plaintiff").

Prior to appointing a Lead Plaintiff, however, the Court must preliminarily decide whether to consolidate the Actions (as well as any other related actions that may be filed). *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). On this threshold question, little doubt exists. Both Actions name Subaye and two of the Company's officers (Chief Executive Officer Zhiguang Cai and former Chief Financial Officer James T. Crane) as defendants. Furthermore, both Actions allege essentially the same wrongdoing under the anti-fraud provisions of the federal securities laws.

Because the Actions raise common issues of fact and law, they should be consolidated into a single action under Federal Rule of Civil Procedure 42(a).

As for the appointment of a class representative to oversee the consolidated action, the Court is required to appoint as Lead Plaintiff the movant who demonstrates the "largest financial interest in the litigation" and who also satisfies the typicality and adequacy prerequisites of Federal Rule of Civil Procedure 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). As demonstrated herein, Quick is ideally suited to serve as Lead Plaintiff in the Actions. Having suffered losses of $3398, whether calculated on a first-in, first-out ("FIFO") basis or on a last-in, first-out basis ("LIFO"), Quick (to the best of counsels' knowledge) has the largest financial interest in the litigation of any movant who also meets Rule 23's typicality and adequacy requirements. Quick is typical of the Class he seeks to represent in that he possesses the same claims, and is more than adequate to protect the interests of the Class, as demonstrated by his conduct to date.

Lastly, if appointed Lead Plaintiff, Quick is entitled to select lead counsel to represent the Class ("Lead Counsel"), subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Quick has engaged the Faruqi Firm for this purpose. The Faruqi Firm is highly experienced in litigating securities class action cases and is therefore an appropriate selection to serve as Lead Counsel.

For the reasons summarized above and discussed more fully below, Quick's Motion should be granted in its entirety.

## FACTUAL BACKGROUND

Subaye is a Delaware corporation whose principal operations are located in the People's Republic of China. The Company purported to be a rapidly growing provider of online business services in China, including cloud computing products that use internet-based computing, storage, and connectivity technology to deliver services to small and medium-sized businesses.

As alleged in the Actions, however, Subaye and its officers knowingly and/or recklessly issued a series of materially false and misleading statements during the Class Period concerning Subaye's reported financial statements, as contained in the Company's annual Form 10-K and quarterly Form 10-Q filings with the SEC.

Subaye's scheme finally began to unravel earlier this year. First, on March 14, 2011, the Company announced that its Chief Financial Officer, defendant James T. Crane ("Crane"), was resigning "to pursue other professional interests." Unbeknownst to investors, in truth, Crane had been permanently barred by the Public Company Accounting Oversight Board from being an associated person of a registered public accounting firm on January 19, 2011. Next, a series of related events ultimately led to Subaye's April 7, 2011 disclosure that the Company's auditor, PricewaterhouseCoopers Hong Kong ("PwC"), had resigned and was unwilling to rely on the Company's representations due to management's failure, over an extended period of time, to adequately address:

- PwC's inability to obtain information and/or supporting documentation to verify cash settlements from sales agents to the Company;
- PwC's inability to obtain information and/or supporting documentation to verify the end customer subscriptions for the Company's services or the services rendered by the Company to the end customers;
- Inadequate documentation to substantiate the marketing and promotion activities performed by sales agents in return for fees paid to such agents and recorded as expenses of the Company;
- Insufficient explanations by the Company regarding certain commonalities between certain customers and vendors; and
- No evidence of any business tax payments by the Company for services rendered in China.

As the truth regarding Subaye's fraud emerged, the price of Subaye's common stock rapidly declined until trading in the Company's shares was halted on the day that PwC's

resignation was disclosed. Each such disclosure removed a portion of the artificial inflation in the price of the Company's common stock and directly caused Plaintiff and the other members of the Class to suffer sizeable damages. The Actions are the only chance Class members will have to receive compensation for being defrauded, and movant Quick seeks to ensure that investors will receive the maximum possible recovery.

## ARGUMENT

### I.   THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Rule 42(a) of the Federal Rules of Civil Procedure permits the Court to consolidate actions that involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990), *cert denied*, 498 U.S. 920 (1990); *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007); *Albert Fadem Trust v. Citigroup Inc.*, 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(ii) (consolidation should precede appointment of a lead plaintiff).

The Actions clearly involve common questions of fact and law as they assert claims under the Exchange Act on behalf of investors who were defrauded by Subaye and two of the Company's officers. The Actions allege substantially the same wrongdoing, namely that the defendants issued materially false and misleading statements and omissions that artificially inflated Subaye's stock price and damaged the Class when the truth emerged and Subaye's stock price crashed. Therefore, consolidation of the Actions is appropriate. *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 294 (E.D.N.Y. 1998) (consolidating shareholder class actions often benefits both the court and the parties by expediting pretrial proceedings, reducing case duplication, and minimizing the expenditure of time and money by all persons concerned).

## II. QUICK SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS

### A. The PSLRA's Provisions Concerning The Appointment Of A Lead Plaintiff

The PSLRA sets forth a procedure for selecting the Lead Plaintiff for "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B). Specifically, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, provides that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class-
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court is to consider any motion made by class members and is to appoint as Lead Plaintiff the movant that the Court determines to be "*most capable of adequately representing the interests of class members*." *See id.* (emphasis added). As part of the Court's adequacy determination, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the one that:

> (i) has either filed the complaint or made a motion in response to the aforementioned notice;
>
> (ii) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (iii) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Metro Servs. Inc. v. Wiggins*, 158 F.3d 162, 164 (2d Cir. 1998); *Bhojwani v. Pistiolis*, No. 06 Civ. 13761, 2007 U.S. Dist. LEXIS 52139, at *15 (S.D.N.Y. June 26, 2007). Once the Court identifies the most adequate plaintiff, the presumption may only be rebutted by proof from a class member that the "most adequate plaintiff" (1) will not fairly and adequately protect the interests of the class or (2) is subject to unique defenses that render such plaintiff incapable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 187 (S.D.N.Y. 2006).

**B. Under The PSLRA, Quick Should Be Appointed Lead Plaintiff**

As discussed below, Quick is the most adequate plaintiff because he has satisfied all the PSLRA's procedural hurdles, and holds the largest financial interest of any movant who satisfies Rule 23's typicality and adequacy requirements.

**1. Quick's Motion Satisfies The PSLRA's Procedural Requirements**

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the first plaintiff to file a complaint in the Actions was required to publish notice of the complaint within twenty (20) days of its April 15, 2011 filing (*i.e.*, on or before May 5, 2011). Plaintiff Jose Teran published notice of the complaint via *Business Wire* on April 15, 2011.[1] *See* Gonnello Decl., Ex. A.[2] As permitted by Sections 21D(a)(3)(A) and (B) of the Exchange Act, any person who is a member of the proposed Class is entitled to move to be appointed Lead Plaintiff by the Court within 60 days after publication of the notice (*i.e.*, on or before June 14, 2011). *See* 15 U.S.C. § 78u-

---

[1] Publication by *Business Wire* is an adequate means for meeting the statutory requirement that notice be published "in a widely circulated business-oriented publication or wire service." *See In re Nice Sys., Ltd. Sec. Litig.*, 188 F.R.D. 206, 215 (D.N.J. 1999); *Greebel v FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchants Acceptance Corp.*, No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6, 1997).

[2] All references to Exhibits are references to the exhibits annexed to the Declaration of Richard W. Gonnello, dated June 14, 2011, filed in support hereof.

4(a)(3)(A)(i). Thus, Quick's Motion is being filed within the required time frame. Additionally, pursuant to Section 21D(a)(2) of the Exchange Act, 15 U.S.C. § 78u-4(a)(2)(A), Quick is timely signing and submitting his certification identifying all of his transactions in Subaye securities during the Class Period, and detailing his suitability to serve as a class representative in this case. *See* Gonnello Decl., Ex. B.

**2. <u>Quick's Financial Interest In The Relief Sought by the Class</u>**

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief sought by the class, so long as the movant meets the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Although the PSLRA is silent as to the manner in which the "largest financial interest" is to be calculated, courts have noted four factors in the inquiry: (1) the number of shares purchased by the movant during the Class Period; (2) the number of net shares purchased by the movant during the Class Period; (3) the total net funds expended by the movant during the Class Period; and (4) the approximate losses suffered by the movant. *See Police & Fire Ret. Sys. v. SafeNet, Inc.*, No. 06 Civ. 5797 (PAC), 2007 U.S. Dist. LEXIS 97959 (S.D.N.Y. Feb. 21, 2007).

Overall, Quick purchased 450 shares (and 450 net shares) during the Class Period, and suffered losses of $3398 when calculated using a FIFO or LIFO methodology, with the same amount in net expenditures.[3] Quick is presently unaware of any other movant with a larger financial interest in the outcome of this litigation who also satisfies Rule 23's typicality and adequacy requirements.

---

[3] Courts have employed both the FIFO and LIFO methods for calculating a potential lead plaintiff's financial interest. *See In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 U.S. Dist. LEXIS 14878, at *25 n.10 (E.D.N.Y. Mar. 2, 2007). These calculations are solely for purposes of this Motion and are not meant to represent the amount of, or method of calculation of, damages that plaintiff may present at trial.

**3. <u>Quick Meets Rule 23's Typicality And Adequacy Requirements</u>**

In addition to possessing the largest financial interest in the outcome of the litigation, 15 U.S.C. § 78u-4(a)(3)(B) also requires that the Lead Plaintiff satisfy Rule 23 of the Federal Rules of Civil Procedure. Of the four prerequisites to class certification, only Rule 23's typicality and adequacy requirements are relevant when assessing class representatives.[4] *See, e.g.*, *Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 105 (S.D.N.Y. 2007); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003). As such, when ruling on a motion to serve as lead plaintiff, the Court only inquires into the typicality and adequacy requirements of Rule 23, with the remaining issues to be addressed at the class certification stage. *Id.* at 252; *accord Ferrari v. Impath, Inc.*, No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *13 (S.D.N.Y. July 20, 2004).

Typicality is demonstrated where the movant's claims "arise from the same conduct from which the other class members' claims and injuries arise." *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002); *see also In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992), *cert. denied*, 506 U.S. 1088 (1993). The movant's claims do not, however, need to be identical to the other Class members' claims. *Weinberg*, 216 F.R.D. at 253; *see also In re Prudential Sec. Inc. Ltd. P'Ships Litig.*, 163 F.R.D. 200, 208 (S.D.N.Y. 1995) ("The typicality requirement of Rule 23(a)(3) is liberally construed; and 'typical' does not mean 'identical.' . . . The possibility of factual distinctions between the claims of the named plaintiffs

---

[4] Rule 23(a) allows members of a class to sue as representative parties on behalf of a class provided that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims of the representative party are typical of the claims of the class; and (4) the representative party will fairly and adequately protect the interests of the class.

and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact.").

Quick's claims are clearly typical of the Class's claims. He purchased Subaye common stock during the Class Period, suffered damages as a result of the Defendants' false and misleading statements, and possesses claims against Subaye and its officers under the federal securities laws. Gonnello Decl., Ex. B. Because the factual and legal bases of Quick's claims are similar to those of the Class's claims, Quick necessarily satisfies the typicality requirement. *See id.*

Adequacy is demonstrated if (1) the class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the interests of the class members are not antagonistic to one another; and (3) the lead plaintiff has a sufficient interest in the outcome to ensure vigorous advocacy. *Linn v. Allied Irish Banks, PLC*, No. 02-cv-1738, 2004 U.S. Dist. LEXIS 24655, at *7 (S.D.N.Y. Dec. 7, 2004).

Quick is adequate to represent the Class given that his interests are perfectly aligned with -- and by no means antagonistic to -- the Class. Moreover, Quick has selected and retained highly competent counsel to litigate the claims on behalf of himself and the Class. As explained below in Section III, the Faruqi Firm is highly regarded for its experience, knowledge, and ability to conduct complex securities class action litigation. *See* Gonnello Decl., Ex. C. Consequently, Quick has every incentive to maximize the Class's recovery.

## III. THE COURT SHOULD APPROVE QUICK'S SELECTION OF LEAD COUNSEL

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff is entitled to select and retain Lead Counsel for the Class, subject to the Court's approval. Quick has selected the Faruqi Firm to be Lead Counsel for the Class. As reflected in the firm's resume, the Faruqi Firm possesses extensive experience litigating complex securities class actions and is well qualified to

represent the Class. *See* Gonnello Decl., Ex. C. Accordingly, the Court should approve Quick's selection of the Faruqi Firm as Lead Counsel.

**CONCLUSION**

For the foregoing reasons, Quick respectfully requests that the Court: (1) consolidate the Actions and any related actions that may be filed; (2) appoint Quick as Lead Plaintiff for the consolidated Actions; (3) approve Quick's selection of the Faruqi Firm as Lead Counsel for the Class; and (4) grant such other relief as the Court may deem just and proper.

Dated: June 14, 2011

Respectfully submitted,

**FARUQI & FARUQI, LLP**

*/s/ Richard W. Gonnello*

Richard W. Gonnello
Antonio Vozzolo
369 Lexington Avenue
New York, New York 10017
Telephone: (212) 983-9330
Email: rgonnello@faruqilaw.com
Email: avozollo@faruqilaw.com

*Attorneys for Kyle Quick*