UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE TERAN, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br>vs.<br><br>SUBAYE, INC., ZHIGUANG CAI, and JAMES T. CRANE,<br><br>Defendants. | **CASE NO.: 1:11-cv-02614-NRB** |
| LUIS ROBERTO HARTMAN, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br>vs.<br><br>SUBAYE, INC., ZHIGUANG CAI, and JAMES T. CRANE,<br><br>Defendants. | **CASE NO.: 1:11-cv-03886-JSR** |

MEMORANDUM IN SUPPORT OF FRANTISEK KRUTIS'
MOTION TO CONSOLIDATE RELATED ACTIONS, BE APPOINTED
AS LEAD PLAINTIFF, AND FOR APPROVAL OF HIS CHOICE OF COUNSEL

30548v1

## PRELIMINARY STATEMENT

Presently pending before the Court are two securities class action lawsuits (the "Actions") brought on behalf of all persons or entities (the "Class") who purchased the securities of Subaye, Inc. ("Subaye" or the "Company") during the period of December 29, 2009 and April 7, 2011, inclusive (the "Class Period").  Plaintiffs allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated under Section 10(b), against Defendants Subaye, Zhiguang Cai, and James T. Crane (the "Individual Defendants").

Class member Frantisek Krutis ("Movant") hereby moves this Court, pursuant to Fed. R. Civ. P. 42(a) and Section 21D(a)(3)(B) of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for an order:  (a) consolidating the related actions; (b) appointing Movant as lead plaintiff in the Actions; and (c) approving Movant's choice of Bernstein Liebhard LLP ("Bernstein Liebhard") as lead counsel for the Class.

During the Class Period, Frantisek Krutis suffered a loss of $90,329 under the FIFO methodology and $54,475 under the LIFO methodology.  Movant believes that his losses represent the largest financial interest in the outcome of the litigation.

## STATEMENT OF FACTS

Plaintiffs allege violations of the federal securities laws against Subaye and its officers and directors for issuing materially false and misleading financial statements to investors.  On April 7, 2011 the Company disclosed its auditor, PricewaterhouseCoopers Hong Kong ("PwC") resigned. PwC identified matters that may materially impact the fairness and reliability of Subaye's quarterly financial information for the three months ended December 31, 2010 and may cause PwC to be unwilling to rely on managements' representations.

PwC was unable to obtain information and supporting documentation to verify: (a) cash settlements from sales agents to Subaye, (b) the end customer subscriptions for the Company's services and the services rendered to the end customers, (c) marketing and promotion activities performed by sales agents in return for fees paid to such agents and recorded as expenses of the Company. PwC also stated that Subaye provided insufficient explanations regarding commonalities between certain customers and vendors. Lastly, PwC could find no evidence of any business tax payments by the Company for services rendered in China.

Since April 7, 2011 trading in the Company's stock has been halted, rendering the Company's stock illiquid and causing investors further damage.

## ARGUMENT

I. **THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *Id*.

    A.    **The Court Should Resolve The Consolidation Issue As a Prerequisite to The Determination of Lead Plaintiff**

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). Consolidation is particularly appropriate in securities class action litigation. *See Mitchell v. Complete Mgmt., Inc., Sec. Litig.*, No. 99-CV-1454, 1999 WL 728678, at *1 (S.D.N.Y. Sept. 17, 1999) ("In securities actions where the complaints are based on the same 'public statements and reports,' consolidation is

appropriate if there are common questions of law and fact . . . .") (citation omitted); *see also Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997).

The complaints filed in the Actions are substantially similar and arise from the same set of facts and conduct. As a result, the Court should consolidate the aforementioned cases, and any others filed subsequent to this motion. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990).

Once the Court decides the consolidation motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." Section 21D(a)(3)(B)(ii), 15 U.S.C. § 78u-4(a)(3)(B)(ii). As Movant has an interest in moving the Actions forward, he respectfully urges the Court to resolve the consolidation motion as soon as practicable. A prompt determination is reasonable and warranted under Rule 42(a), especially given the common questions of law and fact presented by the related actions now pending in this District.

## II.     THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF

### A.     The Procedure Required By The PSLRA

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and 21D(a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. Section 21D(a)(3)(A)(i), 15 U.S.C. § 78u-4(a)(3)(A)(i). The PSLRA requires the court to consider within 90 days all motions, filed within 60 days after publication of that notice, made by

any person who is a member of the proposed class to be appointed lead plaintiff. Sections 21D(a)(3)(A)(i)(II) and 21D(a)(3)(B)(i), 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the person that:

  (aa) has either filed the complaint or made a motion in response to a notice;

  (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

  (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Section 21D(a)(3)(B)(iii)(I), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." Section 21D(a)(3)(B)(iii)(II), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). *See also City of Monroe Employees' Retirement System v. Hartford Financial Services Group, Inc.*, 269 F.R.D. 291, 293 (S.D.N.Y. 2010) (Buchwald, J.).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that Defendants could raise against him. Therefore, Movant is entitled to the presumption that he is the most adequate lead plaintiff to represent Plaintiffs and, as a result, should be appointed lead plaintiff in the Actions.

  **1.** <u>**Movant Is Willing To Serve As Class Representative**</u>

On June 15, 2011, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A)(i), which announced that a securities class action had been filed against Subaye and the Individual Defendants, and which advised putative class members

that they had until June 14, 2011 to file a motion to seek appointment as a lead plaintiff in the action.[1]

Movant has reviewed one of the complaints filed in the pending actions and has timely filed his motion pursuant to the Notice.  In doing so, Movant has attached his certification attesting to his willingness to serve as a representative party for the Class and provide testimony at deposition and trial, if necessary.  *See* Seidman Decl. Ex. B.  Accordingly, Movant satisfies the first requirement to serve as lead plaintiff.  Section 21D(a)(3)(B)(iii)(I)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

### 2.     Movant Is The Most Adequate Lead Plaintiff

Under the PSLRA, any member of the purported class may move for appointment as lead plaintiff within 60 days of the publication of notice that the action has been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  Subsequently, the court "shall appoint as lead plaintiff the member…of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(i).

Movant believes his loss constitutes the largest financial interest in the outcome of the Actions.  As such, Movant is the most adequate lead plaintiff and should be appointed as lead plaintiff.  *See* Ex. C to Seidman Declaration.

### 3.     Movant Meets The Requirements Of Rule 23 Of The F.R.C.P.

Equally important, Movant satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, which are the provisions of Rule 23 relevant to the appointment of lead plaintiff under the PSLRA.  *See Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003).  *See also Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y.

---

[1] *See* Declaration of Joseph R. Seidman, Jr. ("Seidman Decl.") Ex. A.

2001) (considering only typicality and adequacy on a motion for consolidation and for designation of lead plaintiff and lead counsel).

Movant's certification establishes that he meets the typicality requirement of Rule 23 because he: (i) suffered the same injuries as the absent class members; (ii) suffered as a result of the same course of conduct by Defendants; and (iii) his claims are based on the same legal issues. *See Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *see also In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiffs be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See In re NASDAQ Market-Makers Antitrust Litig.*, 172 F.R.D. 119, 127 (S.D.N.Y. 1997). A finding of commonality frequently supports a finding of typicality. *See General Tel. Co. v. Falcon*, 457 U.S. 147, 158 n.13 (1982), *aff'd*, 815 F.2d 317 (5th Cir. 1987) (noting how the commonality and typicality requirements "merge"). Here, the questions of law and fact common to the members of the Class and which may affect individual Class members include the following:

1. whether the federal securities laws were violated by Defendants' acts;

2. whether statements made by Defendants to the investing public during the Class Period contained material misrepresentations concerning the facts about Subaye;

3. whether Defendants acted knowingly or recklessly in issuing false and misleading statements; and

4. whether the members of the Class sustained damages and, if so, what is the proper measure of damages.

These questions apply equally to Movant as to all members of the purported Class. Similar to all of the other members of the Class, Movant purchased shares of Subaye common stock at prices materially distorted as a result of Defendants' misrepresentations. Because Movant's claims are based on the same legal theories and "arise from the same course of conduct that gives rise to the claims of other Class members," the typicality requirement is satisfied. *See NASDAQ Market-Makers*, 172 F.R.D. at 126.

Further, Movant is uniquely able to fulfill the duties and responsibilities required to serve as lead plaintiff. Specifically, Movant will be diligent in leading the litigation, including supervising lead counsel and directing litigation strategy and any settlement discussions to obtain the largest recovery for the Class.

## III.   MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v); Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." Section 21D(a)(3)(B)(iii)(II)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); Section 21D(a)(3)(B)(iii)(II)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Bernstein Liebhard as the proposed lead counsel for the Class. Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Seidman Decl. Ex. D for the firm resume of Bernstein Liebhard. As a result, the Court may be assured that by approving Bernstein Liebhard as lead counsel, the Class is receiving the best legal representation available.

Bernstein Liebhard has frequently been appointed as lead counsel since the passage of the PSLRA, and has frequently appeared in major actions before this and other courts throughout the country.  Indeed, THE NATIONAL LAW JOURNAL has recognized Bernstein Liebhard for six consecutive years as one of the top plaintiffs' firms in the country.  Of the thirteen firms named to the list in 2007, Bernstein Liebhard is one of only two named six years in a row.  Bernstein Liebhard has also been listed in THE LEGAL 500, a guide to the best commercial law firms in the United States, for the past three years.

Four of Bernstein Liebhard's recent outstanding successes include:

- *In re Marsh & McLennan Cos. Sec. Litig.*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) (settlement: $400 million);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (Judge Joel A. Pisano gave final approval to a U.S. settlement with a minimum cash value of $130 million.  This settlement is in addition to a $350 million European settlement on behalf of a class of non-U.S. purchasers of Shell securities on non-U.S. exchanges, which the court-appointed lead plaintiffs and Bernstein Liebhard were, in the words of Judge Pisano, a "substantial factor" in bringing about);

- *In re Deutsche Telekom AG Securities Litigation*, No. 00-CV-9475 (SHS) (S.D.N.Y. 2005) (settlement: $120 million, representing 188% of the recognized losses); and

- *In re Cigna Corp. Securities Litigation*, No. 2:02CV8088 (E.D. Pa. 2007) (settlement: $93 million).

Further, Bernstein Liebhard partner Stanley Bernstein serves as Chairman of the Executive Committee in *Initial Public Offering Securities Litigation ("IPO")*, No. 21 MC 92 (SS) (S.D.N.Y. 2009), pending in this Court before Judge Shira Scheindlin.  The *IPO* litigation is one of the biggest securities class actions ever prosecuted.  On October 5, 2009, the court granted final approval to a $586 million settlement.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the related, and any subsequently-filed related, actions; (2) appoint Movant as lead plaintiff for the Class in the Actions and any subsequently-filed, related actions; and (3) approve Bernstein Liebhard as lead counsel for the Class.

DATED:  June 14, 2011	Respectfully submitted,

/s/
_____
**BERNSTEIN LIEBHARD LLP**
Sandy A. Liebhard
U. Seth Ottensoser
Joseph R. Seidman, Jr.
10 E. 40th Street
New York, NY  10016
Telephone: 212.779.1414
Facsimile:  212.779.3218

**Counsel for Movant and Proposed Lead Counsel for the Class**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was served upon all counsel of record via ECF on June 14, 2011.

/s/
_____
JOSEPH R. SEIDMAN, JR.