**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
pkim@rosenlegal.com
lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| JOSE TERAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | Case No.: 11-CV-2614 (NRB) |
| | CLASS ACTION |
| Plaintiff, | **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF PILNEY GROUP TO CONSOLIDATE RELATED ACTIONS; APPOINT LEAD PLAINTIFF; AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL** |
| v. | |
| SUBAYE, INC., ZHIGUANG CAI, AND JAMES T. CRANE, | |
| Defendant. | |

-----------------------------------------------------------------X

| | |
|---|---|
| LUIZ ROBERTO HARTMAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | Case No.: 11-CV-3886 (JSR) |
| | CLASS ACTION |
| Plaintiff, | |
| v. | |
| SUBAYE, INC., ZHIGUANG CAI, AND JAMES T. CRANE, | |
| Defendants. | |

-----------------------------------------------------------------X

George Pilney, Paul Stemborowski, Vincenzo Mannino and Salvatore Mannino[1] ("Movant" or the "Pilney Group") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Fed. R. Civ. P. 42(a):

    (1)    consolidating the above-captioned related actions;

    (2)    appointing Movant as Lead Plaintiff for the class of all purchasers of the common stock of Subaye, Inc. ("Subaye", or the "Company") during the period between December 29, 2009 and April 7, 2011, inclusive (the "Class Period"); and

    (3) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

Subaye is a Delaware Corporation with its principal executive offices located in Guangdong, China. Subaye, through its operating subsidiaries, purports to serve the PRC by providing cloud computing services and online media and advertising services to small and medium sized enterprises. The Company's common stock is listed on the NASDAQ under ticker "SBAY."

On April 15, 2011 the first of these actions, *Jose Teran v. Subaye, Inc., et al.*, 11-cv-2614 (NRB), was commenced by The Rosen Law Firm, P.A. in this Court seeking remedies against Defendants[2] under Sections 10(b) and 20(a) of the Exchange Act. That same day, the Rosen Law Firm, P.A. issued a PSLRA early notice advising class members that they had 60 days from that date to seek appointment as lead plaintiff in the action. *See* Declaration of Phillip

---

[1] Salvatore and Vincenzo are bothers.
[2] Defendants are Subaye, Inc., Zhiguang Cai, and James T. Crane.

2

Kim, filed herewith ("Kim Decl."), Ex. 1.  Thereafter, on June 6, 2011, a virtually identical action was filed entitled *Luiz Roberto Hartman v. Subaye, Inc. et. al.,* 11-cv-3886 (JSR).

All the related actions allege that the Company made a number of misrepresentations in its public filings with the SEC and in its press releases.  Namely, on April 7, 2011 the Company disclosed its auditor, PricewaterhouseCoopers Hong Kong ("PwC") resigned. PwC identified matters that may materially impact the fairness and reliability of Subaye's quarterly financial information for the three months ended December 31, 2010 and may cause PwC to be unwilling to rely on managements' representations.

PwC's was unable to obtain information and supporting documentation to verify: (a) cash settlements from sales agents to Subaye, (b) the end customer subscriptions for the Company's services and the services rendered to the end customers, (c) marketing and promotion activities performed by sales agents in return for fees paid to such agents and recorded as expenses of the Company. PwC also stated that Subaye provided insufficient explanations regarding commonalities between certain customers and vendors. Lastly, PwC could find no evidence of any business tax payments by the Company for services rendered in China.

Later on April 7, 2011, trading in the Company's stock was halted, thereby rendering it illiquid and virtually worthless to investors.

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication.  When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it

may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.  Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii).  As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).  *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 435 (S.D.N.Y. 2008).

The above-captioned actions should be consolidated because the related actions allege similar or identical class periods, and the same factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act by the Defendants arising from dissemination to the investing public of false and misleading information contained in the Company's periodic filings with the SEC and/or public announcements.  Accordingly, the above-referenced cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.   PILNEY GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the latter of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;

>   (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
>   (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, the Movant satisfies all of these criteria and is thus entitled to the presumption that he is the most adequate plaintiff of the class, and that, as a result, he should be appointed Lead Plaintiff.

### A. Movant is Willing to Serve as a Class Representative

The Pilney Group has filed the instant motion and its members have submitted certifications attesting to their willingness to serve as a representative of the class, and, if necessary, to provide testimony at deposition and trial. *See* Kim Decl., Ex. 2. Accordingly, the Pilney Group satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[3] factors in determining the largest financial interest, the financial loss is the most significant factor. *Fuwei Films*, 247 F.R.D. at 437 (citing *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007); *see also Richardson v. TVIA, Inc.*, 2007 WL 1129344 * 4 (N.D. Cal. Apr. 16, 2007) (of

---

[3] *Lax v. First Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

the *Lax/Olsten* factors approximate loss is most determinative).  Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period".  *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

The Pilney Group purchased 47,580 shares of Subaye stock and suffered losses of $402,279.48.[4]  *See* Kim Decl., Ex. 3.  The Pilney Group is not aware of any other movants that have suffered greater losses in SBAY stock during the Class Period.  Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient.  *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required) (citations

---

[4] Because trading in Subaye's stock has been halted, Movant using the illiquid price of zero in calculating losses.

omitted).  Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *Id.*, at 437.

Movant fulfills the requirements of Rule 23.  The members of the Pilney Group share substantially similar questions of law and fact with the members of the class, and their claims are typical of those of the members of the class.  The Pilney Group and all members of the class allege that defendants violated the Exchange Act by failing to disclose material facts about Subaye's business and financial condition.  Movant, as did all of the members of the class, purchased Subaye shares at prices artificially inflated by defendants' misstatements and omissions, and was damaged thereby.  These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as the former's strong desire to prosecute the related actions on behalf of the class, provides ample reason to grant the Movant's motion to serve as Lead Plaintiff.[5]

### D. Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

>    (aa)   will not fairly and adequately protect the interest of the class; or
>
>    (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

---

[5] Prior to making this motion, among other things, the members of the Pilney Group: (a) agreed to be a part of this lead plaintiff group; (b) established a mechanism to communicate with counsel and/or each other through a toll-free conference call line for this action; and (c) while the group does not anticipate disagreements, the members agreed that majority vote of the members would control, with the Mannino brothers having one vote.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Movant's ability and desire to fairly and adequately represent the class have been discussed above, in Section C.  Movant is not aware of any unique defenses that defendants could raise against him that would render him inadequate to represent the class.  Accordingly, the Court should appoint the Pilney Group as Lead Plaintiff for the class.

### III.  MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel.  The Rosen Law Firm has been actively researching the class Plaintiff's claims - interviewing potential witnesses, reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information in support of the claims against the defendants.  Furthermore, The Rosen Law Firm is experienced in the area of securities litigation and class actions, and has successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. *See* Kim Decl., Ex. 4.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, the group's counsel has the skill and knowledge to prosecute this action effectively and expeditiously.  Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## **CONCLUSION**

For the foregoing reasons, Movant respectfully requests that the Court issue an Order (1) consolidating the related actions; (2) appointing the Pilney Group and its members as Lead Plaintiff of the class; (3) approving his selection of The Rosen Law Firm as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: June 14, 2011                     Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**


         /s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
pkim@rosenlegal.com
lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

**CERTIFICATE OF SERVICE**

      I hereby certify that on this, the 14st day of June, 2011, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

                                      /s/ Phillip Kim